The Honorable Tom Baker State Representative Route 1, Box 80 Alicia, Arkansas 72410
Dear Representative Baker:
This is in response to your request for an opinion on the following questions:
 1. Is it lawful for a public school district to purchase from its teachers, with their consent, sick leave accumulated in excess of 45 days, or in excess of any other number of days less than 90 days?
 2. Is it lawful for a public school district to purchase from its teachers, with their consent, sick leave accumulated in excess of 90 days?
Your questions refer to A.C.A. § 6-17-1205 (Supp. 1989), which was recently amended to increase from forty-five days to ninety days the amount of sick leave that can be accumulated by public school teachers. See Act 818 of 1989. You note that prior to the 1989 change, some school districts agreed to purchase teachers' sick leave accumulated in excess of forty-five days, and that some schools wish to continue the practice. These districts are unsure, however, whether they now can purchase sick leave days in excess of forty-five days, or alternatively in excess of ninety days. Reference to the relevant language of the statute is necessary. A.C.A. § 6-17-1205 (Supp. 1989) provides in pertinent part that:
 (a) A record of sick leave used and accumulated shall be established and maintained by each school district for each of its teachers.
 (b) Sick leave that is unused by a teacher during any school year shall be accumulated in that teacher's sick leave account, at a rate of one (1) day per month or major portion thereof employed until ninety (90) days have been accumulated.
There is another statute, however, which gives the school districts some discretion with respect to administering sick leave. A.C.A. § 6-17-1208 (Supp. 1989) provides that:
 The number of days of sick leave provided by this subchapter are minimums only, and nothing in this subchapter shall prohibit any school district from providing more days of sick leave or from having a more liberal policy for the administration of sick leave, including, but not limited to, the establishment of sick leave pools or banks.
We have stated before that the provision above was intended by the legislature to grant discretion to a local district in establishing and administering sick leave, once the minimum is attained. See Opinion No. 86-26, a copy of which is enclosed.
We thus conclude that a district may establish a policy of "purchasing" excess sick days as a more "liberal" policy than that set out in the statutes. Your first question, however, is whether a district may purchase sick days, with the teachers consent, when ninety have not yet been accumulated. It would seem at first glance that such a practice would be contrary to A.C.A. § 6-17-1205(b) which states that sick leave "shall be accumulated in that teacher's sick leave account . . . until ninety days have been accumulated". We have seen, however, that A.C.A. § 6-17-1208
allows for a more liberal policy.
You have stated that the purchase of the sick days would be with the consent of the teachers. It is my opinion that the answer to your first question may depend upon the nature of this consent. You do not indicate whether the consent is to be by a majority vote of the teachers, and thereafter sick days in excess of a certain number are to be purchased across the board from all teachers, or whether each individual teacher must consent to the purchase of his or her own sick leave.
It is my opinion that a district may purchase sick days when less than ninety are accumulated, only if the individual teacher consents to the purchase. Otherwise, a teacher's right to accumulate the ninety days may be abrogated. A teacher now has a right to accumulate ninety days of sick leave. If the district were to purchase sick days when ninety were not yet accumulated, against the teacher's wishes, this is, in my opinion, not a more "liberal" policy for administering sick leave. It is a more restrictive one, and denies the teacher a right to accumulate the authorized ninety days.
If, however, the teacher consents to this purchase, the policy may be seen as a more liberal one, as it allows an arrangement broader than the statutes, which is mutually satisfactory to both parties.
With respect to your second question, which is whether the district may purchase sick days accumulated in excess of ninety days, it is my opinion that it may. This may be interpreted as a more liberal policy for the administration of sick leave. The teachers are not by statute entitled to accumulate any sick days in excess of ninety, and if the district chooses to purchase days in excess of this amount, it is providing a more liberal policy; and the administration of this policy, in my opinion, would not require individual consent of each teacher, as there is no statutory right as to payment for these days.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb